# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JULIA E MARTINEZ,**

    **Plaintiff,**

**v.**                                                                          Case No:   6:20-cv-289-Orl-31LRH

**DOLGENCORP, LLC,**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 7) and Defendant's response in opposition (Doc. 12).

This is a slip and fall negligence case originally filed in state court. As is typical in these cases, the Complaint itself (Doc. 1) does not establish the requisite $75,000 threshold necessary for removal under the court's diversity jurisdiction. Accordingly, on December 3, 2019, Defendant served discovery on Plaintiff seeking to obtain the evidence necessary to satisfy this requirement. Specifically, Defendant propounded Interrogatory No. 22: "Do you contend that you have suffered damages in excess of $75,000?" and Request for Admission No. 1: "Please admit that you are seeking damages in excess of $75,000." (Doc. 12-5, 12-4).

On January 2, 2020, Plaintiff's counsel requested a two-week extension of the discovery deadline. As a professional courtesy, defense counsel agreed to that request, extending Plaintiff's deadline to January 16th. On January 15th, Plaintiff served her Answers to Interrogatories, responding, "Discovery is ongoing: Cannot be determined at this time." (Doc. 12-7).[1]  Plaintiff's

---

[1] The verification indicates that Plaintiff executed the answers on December 19th, before

counsel, however, intentionally withheld his response to the Request for Admissions until after the holiday weekend.   (Doc. 7).

On January 21st, Plaintiff's counsel responded to the Request for Admission, admitting that Plaintiff sought damages in excess of $75,000.   Using January 21 as the date that Defendant received that admission, defense counsel filed his Notice of Removal within 30 days on February 20th, pursuant to 28 U.S.C. § 1446(b)(3).   Section 1446(b)(3) provides in pertinent part that if the case stated by the initial pleading is not removable, a notice of removal may be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

On March 5th, Plaintiff's counsel filed the instant motion to remand.   In that motion, Plaintiff claims that the removal was untimely because the admission became effective by operation of law on January 17th.[2]   As stated in the motion, "Plaintiff intended for the lapse of the jurisdictional Request for Admissions to qualify as an admission under Fla. R. Civ. P. 1.370(a)" (Doc. 7 at 2).   Following this devious logic, Plaintiff contends that January 17 (the day after admissions were due), started the 30-day removal clock, because on that day "it may first have been ascertained" by Defendant that the case was removable.   *Id.*   In other words, Plaintiff's counsel used the professional courtesy extended to him by defense counsel to lure defense counsel into this procedural trap.   This attempt is not only patently unprofessional, but legally without merit.

---

Plaintiff's counsel requested an extension.

[2] Thirty days from January 17th would have made Defendant's removal notice due on February 16th, five days before Defendant filed the notice.

Plaintiff cites to no authority for the proposition that the deliberate non-delivery of a document constitutes the legal delivery of that document to the adverse party, and the Court is not aware of any such authority.

It is, therefore,

**ORDERED** that the motion is **DENIED**.   It is further ordered that this matter is referred to the magistrate judge for issuance of an order to show cause why Plaintiff's counsel should not be sanctioned for his conduct in filing the motion (See Doc. 12 at 5, n.1).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 23, 2020.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE